UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Victor W. Dahar, Trustee

    v.                              Civil No. 05-cv-186-JD

Susan W. Jackson, et al.


O R D E R

On June 21, 2005, the court denied Susan W. Jackson's request for a stay of the bankruptcy court's judgment in favor of Victor W. Dahar, Trustee, pending appeal. On appeal, Jackson contends that the bankruptcy judge erroneously interpreted the New Hampshire fraudulent conveyance statute, New Hampshire Revised Statutes Annotated ("RSA") § 545-A:4, I(b)(1), by considering only the Debtor's business assets and also used the wrong standard in applying the statute.[1] The court previously ruled that Jackson was not likely to succeed on either issue, although RSA 545-A:4,I(b)(1) was not limited to business assets, and that she had not properly presented a "serious legal question" that would permit granting a stay due to the likelihood

---

[1] RSA 545-A:4, I(b)(1) provides that a transfer by a debtor is fraudulent if it was made "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor [] [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction." It is undisputed and the bankruptcy court found that the Debtor did not receive a reasonably equivalent value for the transfer of assets to Jackson.

of irreparable harm absent a stay.  See Providence Journal Co. v. F.B.I., 595 F.2d 889, 890 (1st Cir. 1979).  Jackson moves for reconsideration on the grounds that she adequately presented a "serious legal question" to entitle her to a stay and that all of the Debtor's assets should have been considered in determining whether his remaining assets were unreasonably small in relation to his business under RSA 545-A:4, I(b)(1).

In response to the motion for reconsideration, the court has again reviewed the bankruptcy judge's decision and now has a different understanding of that analysis.  The bankruptcy judge evaluated the Debtor's business assets and found that he had transferred all of his business assets with equity to Jackson while retaining only properties with negative equity.  Contrary to Jackson's claim and the court's initial impression, however, the bankruptcy judge did not base his analysis of the transferred properties under RSA 545-A:4, I(b)(1), on the relative equities in the properties without considering the value of other assets retained by the Debtor.  Instead, the bankruptcy judge concluded that the Debtor could no longer pay his business debts and support his family from his business, after he transferred the properties to Jackson, and for that reason the transfers had left him with unreasonably small remaining assets in relation to his business, constituting fraudulent transfer under RSA 545-A:4,I(b)(1).

In support of that conclusion, the bankruptcy judge found that before and after the transfer the Debtor was in the investment real estate business, buying and selling unimproved properties.  The judge further found that before the transfers to Jackson, the Debtor paid his business debts and supported his family from the proceeds of his business.  After the transfers were made, Jackson sold the transferred properties and used the proceeds for the business and family because the Debtor's "remaining assets were insufficient to generate the income needed to pay his business debts and support his family."  Jackson, 318 B.R. at 22.  In other words, the judge concluded that Jackson's sale of the transferred properties to cover expenses previously paid by the business demonstrated that the Debtor's remaining assets, whatever their value or purpose, were "unreasonably small in relation to the business."  RSA 545-A:4, I(b)(1).  For that reason, the Debtor's transfer of assets to Jackson was deemed to be constructively fraudulent.

Because the bankruptcy judge did not erroneously interpret or apply RSA 545-A:4,I(b)(1), Jackson has not presented a serious legal question on appeal that would justify a stay.  The court's previous order is reconsidered and is amended by this decision.  In light of this decision and the court's previous order, Jackson shall review the issues she raises on appeal and file a memorandum on or before **August 1, 2005,** to show cause as to why

the bankruptcy court decision should not be summarily affirmed, or in lieu thereof file a notice withdrawing the appeal.

## Conclusion

For the foregoing reasons, the appellant's motion to reconsider (document no. 11) is granted to the extent that the court has reconsidered part of its prior order and is otherwise denied.  On reconsideration, the court has concluded that the appellant has not raised a serious legal question as to whether the bankruptcy court erroneously interpreted and applied RSA 545-A:4, I(b)(1) in this case.  The appellant shall file a memorandum on or before **August 1, 2005**, to show cause as to why the bankruptcy court decision should not be summarily affirmed, or in lieu thereof file a notice withdrawing the appeal.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 21, 2005

cc: Richard Thorner, Esquire
    Thomas J. Pappas, Esquire
    Richard Thorner, Esquire
    US Bankruptcy Court -_NH, Clerk